UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LISA BOSS, LINDA GUNNETT, and PEGGY TATUM, on behalf of themselves and all others similarly situated, | ) ) ) |
| | ) Case No. 1:21-cv-06380 |
| Plaintiff, | ) ) Judge Sharon Johnson Coleman |
| v. | ) ) ) |
| THE KRAFT HEINZ COMPANY and KRAFT HEINZ FOODS COMPANY (LLC), | ) ) ) |
| Defendants. | ) ) ) |

**ORDER**

Plaintiffs Lisa Boss, Linda Gunnett, and Peggy Tatum (collectively "Plaintiffs") filed a ten-count complaint against Defendants the Kraft Heinz Company and Kraft Heinz Foods Company LLC (collectively "Kraft Heinz" or "Defendants"), alleging that Kraft Heinz is intentionally labeling its food products with false and misleading claims that they contain no artificial flavors, even though those products contain the artificial flavor known as malic acid. Kraft Heinz has moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons outlined below, Defendants' motion to dismiss Plaintiffs' complaint is granted.

**Background**

Defendants manufacture, label, advertise, and sell water-flavoring products under the brand name, 'MiO' (the "Products"). (Dkt. 1, ¶ 12). The Products are labeled with various fruit and berry flavors such as "Cherry Blackberry," "Mango Peach," Arctic Grape, Tropical Fusion, and other flavors. (*Id.* at ¶ 39 n. 2). The Products are labeled as containing "Natural Flavor with Other Natural Flavors." (*Id.* at ¶¶ 47-52.) Plaintiffs allege that these water-flavoring Products are misbranded and

1

violate federal regulations and state law because the Products contain an undisclosed artificial flavoring and fail to inform consumers that the Products are artificially flavored. (*Id.* at ¶¶ 15-16.)

The alleged artificial flavoring at issue here is malic acid or dl-malic acid, a synthetic petrochemical. (*Id.* at ¶¶ 58-59.) Malic acid, described as a flavoring agent, is either the first or second ingredient by weight after water in 16 of the 18 Products. (*Id.* at ¶ 38.) Federal regulations describe the compound as, inter alia, a "flavoring agent." 21 C.F.R. 184.1069. As a flavoring agent the compound confers a "tart, fruity" taste to fruit-flavored Products. ( at ¶ 71.) Plaintiffs allege that the dl-malic acid Defendants add to the Products is by federal regulation and state law an artificial flavor because it is a synthetic compound and "provides the characterizing tart flavor of the fruits and berries listed on the Products' front labels." (*Id.* at ¶ 71.)

Plaintiffs claim that the Products' labeling, which fails to disclose the presence of artificial flavor, is unlawful, false and misleading. (*Id.* at ¶¶ 40-47, 52-56, 62-68, 80, 101.) Plaintiffs further allege the Products' labeling "is intended to give consumers the false impression that they are buying a premium all-natural product instead of a product that is artificially flavored." (*Id.* at ¶ 20.) Plaintiffs contend that because they relied on Defendants' deceptive labeling, they were harmed because they paid more for the Products than they would have if they had known the truth of the Products' ingredients. (*Id.* at ¶¶ 100, 115, 119, 121, 123.)

Based on these actions, Plaintiffs filed a punitive class action against Kraft Heinz, alleging that Defendants violated the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Stat. § 201 et seq., multiple California consumer protection laws and statutes including the Consumer Legal Remedies Act ("CLRA"), the Unfair Competition Law ("UCL"), False Advertising Law ("FAL"), state statutory and common law express and implied warranties, negligent

misrepresentation, and fraud by omission (*Id.* at ¶¶ 147-279.) Defendants now move to dismiss with prejudice.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). When considering dismissal of a complaint, the Court accepts well pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 397 (7th Cir. 2019). To survive a motion to dismiss, plaintiff must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Threadbare recitals of the elements of a cause of action and allegations that are merely legal conclusions are not sufficient to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

**Discussion**

A. <u>ICFA</u>

To state a claim under the ICFA, Plaintiffs must allege four elements: (1) a deceptive act or practice; (2) an intent for the consumer to rely on the deception; (3) the occurrence of the deception during conduct involving trade or commerce; and (4) actual damage that was proximately caused by the deception. *See Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 883 (7th Cir. 2005). Deception under the ICFA is circularly defined as "[a] statement [that] creates a likelihood of deception or has the capacity to deceive." *People ex. rel Hartigan v. Knecht Servs., Inc.*, 216 Ill.App.3d 843, 857, 575 N.E.2d. 1378, 1387 (Ill. App. 1991); *see also Bober v. Glaxo Wellcome Plc.*, 246 F.3d 934, 938 (7th Cir. 2001). A reasonable consumer standard is used to determine if deception has occurred. *Beardsall v. CVS Pharmacy, Inc.*, 953 F.3d 969, 972 (7th Cir. 2020). This standard requires a probability "that a

significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 474–75 (7th Cir. 2020) (quoting *Beardsall*, 953 F.3d at 972–73).

Although the parties dispute whether malic acid is actually an artificial flavoring, even accepting that it is, Plaintiffs cannot establish that Kraft Heinz engaged in a deceptive act or practice that could mislead a reasonable consumer. *Bell*, 982 F.3d at 474–75. Plaintiffs' ICFA claim is based on their allegation that Heinz Kraft's omission of any reference to artificial flavor on the front label and ingredient list of the Product was misleading and caused consumers like Plaintiffs to assume the Products' taste was "only from natural flavors." (Dkt 1, ¶ 64.)

An omission is not actionable fraud if it gives rise to an "incomplete" as opposed to an affirmatively "false impression." *Spector v. Mondelez Int'l, Inc.*, 178 F. Supp. 3d 657, 672 (N.D. Ill. 2016) (Seeger, J.) (quoting *Phillips v. DePaul Univ.*, 19 N.E. 3d 1019, 1028 (Ill. App. 2014)). The Product's front label states it contains "Natural Flavor with Other Natural Flavors," but this does not amount to an affirmative representation that the Product is free from artificial flavors. Courts have interpreted FDA regulations to expressly permit a food product to be labeled as containing natural flavors, despite the ingredients themselves not being all natural. *Gouvens v. Target Corp.*, No. 3:22-CV-50016, 2022 WL 18027524, at *3 (N.D. Ill. Dec. 30, 2022) (Johnston, J.) (citing *Lam v. Gen. Mills, Inc.*, 859 F. Supp. 2d 1097, 1102–03 (N.D. Cal. 2012) (Conti, J.) ("[U]nder 21 C.F.R. § 101.22(i), a product may be labeled as 'fruit flavored' or 'naturally flavored,' even if it does not contain fruit or natural ingredients. So long as that product 'contains natural flavor' which is 'derived from' the 'characterizing food ingredient,' it will not run afoul of the regulation.")) Further, Plaintiffs fail to plausibly allege that this omission would mislead a significant portion of the targeted consumers to be deceived or misled. *Bell*, 982 F.3d at 474–75; *see Gouvens*, 2022 WL 18027524, at *3 (finding that "A reasonable consumer would not believe that a shelf-stable, bright red fruit punch

4

flavored liquid water enhancer was free of artificial ingredients absent an affirmative statement to the contrary" where defendant used the "natural flavor with other natural flavors" label.) The Court finds that absent an affirmative representation that MiO is an "all-natural" product or free from artificial ingredients, the omission of an "artificial flavor" disclosure would not mislead a reasonable consumer into believing that the Products are completely natural and free from artificial flavors.

Accordingly, Plaintiffs ICFA claim is based on an unreasonable interpretation of the Product's label. *See Bell*, 982 F.3d at 477 ("[D]eceptive advertising claims should take into account all the information available to consumers and the context in which that information is provided and used.") Because Plaintiffs have not stated a plausible claim for relief under the ICFA, their ICFA claim is dismissed with prejudice; *id.* at 477 ("[W]here plaintiffs base deceptive advertising claims on unreasonable or fanciful interpretations of labels or other advertising, dismissal on the pleadings may well be justified.")

B. California and Pennsylvania Law Claims

Because California and Pennsylvania consumer fraud statutes apply the same reasonable consumer standard which Plaintiffs failed to show in their ICFA claim, these claims must also fail. *See Skinner v. Ken's Foods, Inc.*, 53 Cal.App.5th 938, 948, 267 Cal.Rptr.3d 869 (2020) (reasonable consumer test applies to false advertising claims brought under the UCL, FAL, and CLRA); *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 129 Cal. Rptr. 2d 486 (2003) (negligent misrepresentation); *Commonwealth by Shapiro v. Golden Gate Nat'l Senior Care LLC*, 648 Pa. 604, 625, 194 A.3d 1010, 1023 (2018). Accordingly, Plaintiffs' consumer fraud claims under the laws of California and Pennsylvania are dismissed.

C. Common Law Claims

Plaintiffs also bring state law claims for breach of express and implied warranty and common-law fraud. These claims are premised on Plaintiffs' assertion that Defendants actively

concealed the truth about the Products by failing to provide the legally required "artificially flavored" disclosure on the front label of the Products, which are the same allegations discussed in connection with the ICFA claims. Without a plausible allegation of deception, these remaining claims must also suffer the same fate for the reasons already stated. *See Zahora v. Orgain LLC*, No. 21 C 705, 2021 WL 5140504, at *15–16 (N.D. Ill. Nov. 4, 2021) (Kendall, J.); *and see Hayes v. General Mills, Inc.*, No. 19-cv-05626, 2021 WL 3207749, at *4 (N.D. Ill. July 29, 2021) (Kness, J.) (noting Plaintiff's ICFA and common law claims "rise and fall together.") Because Plaintiffs have not plausibly alleged deception, the claims for breach of express warranty and common-law fraud are dismissed.

**Conclusion**

For these reasons, the Court grants Kraft Heinz's motion to dismiss and dismisses Plaintiffs' Complaint with prejudice.

IT IS SO ORDERED.

Date: 9/7/2023

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge